# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| DAVID FALLS, | Case No. 1:19-cv-00441-SAB (PC) |
|---|---|
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| A. ARREDONDO, *et al.*, | FINDINGS AND RECOMMENDATION TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS |
| Defendants. | |
| | (ECF Nos. 10, 13, 16) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff David Falls is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**INTRODUCTION**

On August 26, 2019, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant Arredondo, in his individual capacity, for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims against any other defendants. (ECF No. 10.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court in writing of his willingness to proceed only on the cognizable claims, within thirty (30) days from the date of service of the order. (Id.) Further,

1

Plaintiff was expressly warned that, if he failed to comply with the Court's order, the Court would recommend to a District Judge that the action be dismissed for failure to prosecute and failure to obey a court order. (Id. at 12.)

Plaintiff failed to file a first amended complaint, notify the Court in writing of his willingness to proceed only on the claim found cognizable by the Court, or otherwise communicate with the Court within the allotted time. Therefore, on October 29, 2019, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed for Plaintiff's failure to comply with the Court's August 26, 2019 screening order and failure to prosecute, within fourteen (14) days from the date of service of the order. (ECF No. 11.)

On November 25, 2019, Plaintiff filed a written response to the Court's order to show cause. (ECF No. 12.)

On November 27, 2019, the Court vacated the October 29, 2019 order to show cause and granted Plaintiff a 30-day extension of time to file a first amended complaint. (ECF No. 13.) Further, the Court's November 27, 2019 order again expressly warned Plaintiff that failure to comply with the order would result in a recommendation to a District Judge that this action be dismissed for failure to obey a court order and failure to prosecute. (Id. at 2-3.)

Plaintiff again did not file a first amended complaint, notify the Court in writing of his willingness to proceed only on the claim found cognizable by the Court, or otherwise communicate with the Court within the allotted time. Therefore, on January 6, 2020, the Court issued a second order requiring Plaintiff to show cause in writing why this action should not be dismissed for Plaintiff's failure to comply with the Court's August 26, 2019 and November 26, 2019 orders and failure to prosecute, within fourteen (14) days from the date of service of the order. (ECF No. 14.)

On January 14, 2020, Plaintiff filed a motion for a 15-day extension of time to file a first amended complaint. (ECF No. 15.)

On January 17, 2020, the Court vacated the January 6, 2020 order to show cause and granted Plaintiff a 15-day extension of time to either file a first amended complaint or a notice of his intent to proceed only on the cognizable claim identified by the Court in its August 26, 2019

order. (ECF No. 16.) Further, the Court's January 17, 2020 order again expressly warned Plaintiff that failure to comply with the order would result in a recommendation to a District Judge that this action be dismissed for failure to obey a court order and failure to prosecute. (Id. at 3.)

The deadline for Plaintiff to either file a first amended complaint or a notice of his intent to proceed only on the cognizable claim identified by the Court expired on February 4, 2020. To date, Plaintiff has not filed either a first amended complaint or a written notice of his intent to proceed only on the cognizable claim identified by the Court in its August 26, 2019 order. Accordingly, the Court recommends dismissal of this action for the reasons discussed below.

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the instant action has been pending since April 2019. Plaintiff was ordered to file

3

either a first amended complaint or a written notice of his intent to proceed only on the cognizable claim identified by the Court, has received multiple extensions of time to do so, and has still failed to comply with the Court's order by failing a first amended complaint or a written notice of his intent to proceed only on the cognizable claim. The Court cannot hold this case in abeyance awaiting compliance by Plaintiff. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Additionally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's August 26, 2019, November 27, 2019, and January 17, 2020 orders expressly warned Plaintiff that his failure to comply with the Court's orders would result in a recommendation to dismiss this action, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (ECF Nos. 17, 24.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Finally, at this stage in the proceedings, there is little available to the Court which would constitute a satisfactory lesser sanction while also protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

///

4

## III.

## ORDER AND RECOMMENDATION

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Court's August 26, 2019, November 27, 2019, and January 17, 2020 orders, and failure to prosecute this action.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 14, 2020**

UNITED STATES MAGISTRATE JUDGE