# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FALLS, | Case No. 1:19-cv-00441-NONE-SAB (PC) |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATION ISSUED FEBRUARY 14, 2020 |
| v. | |
| A. ARREDONDO, et al., | (ECF No. 18) |
| Defendants. | ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff David Falls is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 26, 2019, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant Arredondo, in his individual capacity, for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims against any other defendants. (ECF No. 10.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court in writing of his willingness to proceed only on the cognizable claims, within thirty (30) days from the date of service of the order. (Id.)

Plaintiff failed to file a first amended complaint, notify the Court in writing of his willingness to proceed only on the claim found cognizable by the Court, or otherwise

1

communicate with the Court within the allotted time.  Therefore, on October 29, 2019, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed for Plaintiff's failure to comply with the Court's August 26, 2019 screening order and failure to prosecute, within fourteen (14) days from the date of service of the order.  (ECF No. 11.)

On November 25, 2019, Plaintiff filed a written response to the Court's order to show cause.  (ECF No. 12.)

On November 27, 2019, the Court vacated the October 29, 2019 order to show cause and granted Plaintiff a 30-day extension of time to file a first amended complaint.  (ECF No. 13.)

Plaintiff again did not file a first amended complaint, notify the Court in writing of his willingness to proceed only on the claim found cognizable by the Court, or otherwise communicate with the Court within the allotted time.  Therefore, on January 6, 2020, the Court issued a second order requiring Plaintiff to show cause in writing why this action should not be dismissed for Plaintiff's failure to comply with the Court's August 26, 2019 and November 26, 2019 orders and failure to prosecute, within fourteen (14) days from the date of service of the order.  (ECF No. 14.)

On January 14, 2020, Plaintiff filed a motion for a 15-day extension of time to file a first amended complaint.  (ECF No. 15.)

On January 17, 2020, the Court vacated the January 6, 2020 order to show cause and granted Plaintiff a 15-day extension of time to either file a first amended complaint or a notice of his intent to proceed only on the cognizable claim identified by the Court in its August 26, 2019 order. (ECF No. 16.)  Further, the Court's January 17, 2020 order again expressly warned Plaintiff that failure to comply with the order would result in a recommendation to a District Judge that this action be dismissed for failure to obey a court order and failure to prosecute.  (Id. at 3.)

The deadline for Plaintiff to either file a first amended complaint or a notice of his intent to proceed only on the cognizable claim identified by the Court expired on February 4, 2020.  On February 14, 2020, after the Court's docket did not indicate that the Court had received Plaintiff's first amended complaint or Plaintiff's notice of his intent to proceed only on the cognizable claim

| | |
|---|---|
| 1 | identified by the Court, the Court issued findings and recommendation recommending that this |
| 2 | action be dismissed, without prejudice, based upon Plaintiff's failure to obey the Court's August |
| 3 | 26, 2019, November 27, 2019, and January 17, 2020 orders, and failure to prosecute this action. |
| 4 | (ECF No. 18.)  The findings and recommendations were served on Plaintiff and contained notice |
| 5 | that any objections thereto were to be filed within fourteen (14) days after service.  (Id. at 5.) |
| 6 | On March 11, 2020, Plaintiff filed written objections to the February 14, 2020 findings |
| 7 | and recommendation.  (ECF No. 19.)  In his objections, Plaintiff states that, on September 25, |
| 8 | 2019, he e-filed what he believed and understood to be an amended complaint.  Nevertheless, |
| 9 | after the Court informed him on November 26, 2019 that any submission of a first amended |
| 10 | complaint through the e-filing system at Kern Valley State Prison would be improper, Plaintiff |
| 11 | sent a copy of the first amended complaint to the Court using the U.S. Mail service at Kern |
| 12 | Valley State Prison on December 19, 2019.  However, on December 27, 2019, Plaintiff received a |
| 13 | Clerk's Notice from the Court dated December 23, 2019 returning Plaintiff's first amended |
| 14 | complaint and stating that, "[p]er the Standing Order, the document(s) is(are) returned unfiled and |
| 15 | must be filed under E-Filing procedures."  (ECF No. 19, at 14.)  Plaintiff asserts that this action |
| 16 | should not be dismissed because he has done everything in his power to file his first amended |
| 17 | complaint, but his attempts to file his first amended complaint through e-filing and through the |
| 18 | U.S. mail have been rejected for reasons beyond his control, leaving him without any means |
| 19 | available to file his first amended complaint. |
| 20 | The Court notes that Plaintiff has now provided the Court with evidence that, while he |
| 21 | attempted to file his first amended complaint by physically mailing the documents to the Court in |
| 22 | compliance with the Court's orders, the Clerk's office returned Plaintiff's first amended |
| 23 | complaint to Plaintiff unfiled and told Plaintiff that the document must be e-filed.  (ECF No. 19, |
| 24 | at 14.)  It is unclear why the Clerk's office returned Plaintiff's first amended complaint to |
| 25 | Plaintiff unfiled and told Plaintiff to e-file the document.  It may be that Plaintiff failed to clearly |
| 26 | state that the document was an <u>amended</u> complaint and so the Clerk's office believed that the |
| 27 | document was an original complaint, which had to be e-filed because Kern Valley State Prison, |
| 28 | Plaintiff's current place of incarceration, participates in the e-filing program.  However, given |

that Plaintiff failed to submit his first amended complaint along with his written objections, the Court cannot tell for certain why Plaintiff's first amended complaint was returned to him unfiled.

Nevertheless, since Plaintiff has demonstrated that he has attempted to comply with the Court's orders, the Court will vacate the February 14, 2020 findings and recommendations and grant Plaintiff <u>one final</u> 30-day extension of time to file his first amended complaint with the Court. As previously stated, Plaintiff must file his first amended complaint, and all other filings, with the Court by physically mailing the documents to the Court, not by e-filing. Further, Plaintiff must clearly title his amended complaint "First Amended Complaint" and state the case number for his action, Case No. 1:19-cv-00441-NONE-SAB (PC), on the first page of his amended complaint.

Additionally, the Court notes that, throughout his written objections, Plaintiff states that he is willing to proceed only on the cognizable claim identified by the Court in the Court's August 26, 2019 screening order. However, Plaintiff also states that he wants to file an amended complaint in order to reserve the opportunity to add John Doe defendants whose identities have yet to be ascertained. The Court has reviewed Plaintiff's original complaint and finds that Plaintiff did not plead any allegations against any Doe defendants in his original complaint. Therefore, if Plaintiff wishes to preserve the opportunity to identify actual defendants in place of Doe defendants, then Plaintiff must allege facts sufficient to state cognizable claims against any Doe defendants in his first amended complaint. Otherwise, if Plaintiff is truly willing to proceed only on the cognizable claim against Defendant Arredondo for excessive force and not attempt to state any cognizable claims against Doe defendants, then Plaintiff does not need to file a first amended complaint. Instead, Plaintiff can simply file a written notice clearly stating that he does not intend to amend and that he wants to proceed only on the cognizable claim against Defendant Arredondo, in his individual capacity, for excessive force in violation of the Eighth Amendment.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendation issued on February 14, 2020, (ECF No. 18), are VACATED;

2. The Clerk's office is directed to serve Plaintiff with an amended complaint form;

3. Plaintiff is granted **thirty (30) days** from the date of service of this order in which to file either:

   a. A first amended complaint curing the deficiencies identified by the Court in its August 26, 2019 order; or

   b. A notice of his intend to proceed only on the cognizable claim identified by the Court in its August 26, 2019 order;

4. If Plaintiff chooses to file a first amended complaint, Plaintiff must clearly title his amended complaint "First Amended Complaint" and state the case number for his action, Case No. 1:19-cv-00441-NONE-SAB (PC), on the first page of his amended complaint. Additionally, Plaintiff must file the first amended complaint with the Court by physically mailing his first amended complaint to the Court at:

    U.S. District Court for the Eastern District of California
    2500 Tulare Street, Room 1501
    Fresno, CA 93721

5. <u>Plaintiff is warned that failure to comply with this order will result in a recommendation to the District Judge that this action be dismissed for failure to obey a court order and failure to prosecute; and</u>

6. **<u>Plaintiff is advised that any future failures to timely file will result in a recommendation to dismiss his case for failure to prosecute. No further OSC's will be issued since Plaintiff has had numerous notices in the past and is aware of the consequences for not filing timely</u>.**

IT IS SO ORDERED.

Dated: **March 13, 2020**

UNITED STATES MAGISTRATE JUDGE

5