UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FALLS,<br><br>    Plaintiff,<br><br>v.<br><br>A. ARREDONDO,<br><br>    Defendant. | Case No. 1:19-cv-00441-NONE-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENAS**<br><br>(Doc. 45) |

Plaintiff has filed a motion requesting that subpoenas be served on thirty-two individuals. (Doc. 45.) Plaintiff states that these individuals "wrote incident reports in regards to [his] claim of what occurred due to [his] being shot." (*Id.* at 1.) Plaintiff seeks "testimony" from thirty of the individuals, (*id.* at 2-3), though it is unclear whether he means deposition or trial testimony. He seeks "photos taken of the incident" from the two remaining individuals. (*Id.* at 3.)

**I.    DISCUSSION**

Plaintiff is entitled to the issuance of subpoenas commanding attendance at depositions or the production of documents, electronically stored information, or tangible things from non-parties. Fed. R. Civ. P. 45(a). In addition, because he is proceeding *in forma pauperis*, Plaintiff is entitled to service of completed subpoenas by the United States Marshal Service. *See* 28 U.S.C. 1915(d). However, the Court will grant requests for subpoenas commanding the production of documents, electronically stored information, or tangible things from non-parties only if these

items are not equally available to Plaintiff and not obtainable from Defendant through a request for production. *See* Fed. R. Civ. P. 34. Additionally, the Court will grant requests for subpoenas commanding testimony by unincarcerated non-parties only if Plaintiff provides the necessary witness fees. *See* 28 U.S.C. § 1821.

In his instant motion, Plaintiff does not indicate whether he attempted to obtain the photographs he seeks from Defendant via a request for production. To the extent Plaintiff wishes to take deposition testimony, he also does not indicate whether he would be able to pay the necessary witness and court-reporter fees in light of his *in forma pauperis* status.

With respect to his request for photographs, and to the extent he seeks deposition testimony, Plaintiff's motion is also untimely. Pursuant to the Court's Discovery and Scheduling Order, "all discovery requests must be served at least 45 days before the discovery deadline." (Doc. 38 at 2.) The discovery cutoff date was April 26, 2021. (Doc. 42.) Plaintiff's motion, however, is dated April 21, 2021, (Doc. 45 at 3), only five days before the discovery deadline.

To the extent Plaintiff seeks trial testimony, his motion is premature. The Court has not yet issued a second scheduling order detailing pretrial procedures, such as the procedures for requesting witness testimony. After the Court issues its second, pretrial scheduling order,[1] Plaintiff may renew his motion for subpoenas for non-party witnesses, per the instructions provided in that order.

**II.    CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for subpoenas commanding the production of photographs is DENIED with prejudice.
2. To the extent Plaintiff moves for subpoenas commanding attendance and testimony at depositions, the motion is DENIED with prejudice.

///

///

///

---

[1] No party has filed a pretrial dispositive motion, and the deadline to do so has passed, (Doc. 42).

3. To the extent Plaintiff moves for subpoenas commanding attendance and testimony at trial, the motion is DENIED without prejudice to refiling after the Court issues a second scheduling order detailing the pertinent procedures.

IT IS SO ORDERED.

    Dated: __July 1, 2021__            _ **/s/ Jennifer L. Thurston**
                                                          CHIEF UNITED STATES MAGISTRATE JUDGE