UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FALLS,<br><br>        Plaintiff,<br><br>   v.<br><br>A. ARREDONDO,<br><br>        Defendant. | Case No. 1:19-cv-00441-NONE-JLT (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY EXPENSES SHOULD NOT BE IMPOSED**<br><br>(Doc. 43) |

Defendant moves to compel Plaintiff's responses to his First Set of Requests for Production of Documents, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv), and he requests reasonable expenses in bringing this motion. (Doc. 43.) Plaintiff has not filed an opposition or a statement of non-opposition to the motion, and the time to do so has passed. *See* Local Rule 230(l). For the reasons set forth below, the Court grants Defendant's motion to compel and orders Plaintiff to show cause why an award of expenses should not be imposed.

**I.    DISCUSSION**

    **A.  Motion to Compel Production**

Parties may seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Within the scope of Rule 26(b), a party may serve on any other party a request to produce documents, electronically stored information, or tangible things that are in the responding party's

possession, custody, or control. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. 1:05-cv-01104-OWW-LJO, 2007 WL 309945, at *2 (E.D. Cal. 2007) (citation omitted). In response to each request, the responding party must state that it will produce the requested documents, information, or things, or it must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

If a party fails to produce requested documents, the party who made the requests may file a motion with the Court to compel production. Fed. R. Civ. P. 37(a)(3)(B). Generally, the moving party must certify that it has conferred or attempted to confer in good faith with the responding party to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1); Local Rule 251(b). However, in prisoner cases involving *pro se* plaintiffs, the meet-and-confer requirements of Rule 37 and Local Rule 251 do not apply, though they are still encouraged. (*See* Doc. 38 at 2.)

Plaintiff has neglected to respond to Defendant's First Set of Requests for Production of Documents, which includes only two requests. (Doc. 43-1 at 4; Whisnand Decl. ¶¶ 4-6, Doc. 43-2 at 2.) After Defendant filed the instant motion, Plaintiff filed declarations that appear to be responsive to Request No. 1 of the set. (*Compare* Doc. 43-2 at 19 *with* Doc. No. 44.) As an initial matter, the declarations should not have been filed with the Court, but instead served directly on Defendant in response to his requests for production. (*See* Doc. 2 at 3, 4.) In addition, Plaintiff does not indicate whether the declarations are *all* of the "declarations, affidavits, or statements" that he has "obtained from inmate-witnesses," as sought by Request No. 1. (Doc. 43-2 at 19.) Plaintiff also does not respond to Request No. 2.

Accordingly, the Court will order Plaintiff to directly respond to Defendant's requests for production. If Plaintiff objects to a request, he must "state with specificity the grounds for" the objection, "including the reasons." Fed. R. Civ. P. 34(b)(2)(B). If Plaintiff does not have documents responsive to a request, or if requested documents do not exist, he must state so with enough specificity to allow the Court to evaluate the merit of the response or whether he has made a reasonable inquiry. *See Ochotorena v. Adams*, No. 1:05-cv-01524-LJO-DLB, 2010 WL

1035774, at *4 (E.D. Cal. 2010); *Uribe v. McKesson*, No. 1:08-cv-01285-DSM-NLS, 2010 WL 892093, at *3 (E.D. Cal. 2010).

### B. Request for Expenses

Defendant requests that Plaintiff pay the reasonable expenses, specifically attorney's fees, incurred in bringing the instant motion to compel. (Doc. 43-1 at 4-6.) Defendant's counsel states that his hourly rate is $220, and that he expended four hours preparing the motion to compel. (Whisnand Decl. ¶ 8, Doc. 43-2 at 2-3.) Defendant thus requests an award of $880 in expenses. (Doc. 43-1 at 6.)

Rule 37(a)(5) provides that if a motion to compel "is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Thus, because the Court grants Defendant's motion to compel, an award of costs is mandatory, unless the Court finds that Plaintiff's "nondisclosure . . . was substantially justified . . . or . . . other circumstances make an award of expenses unjust." *Id.* Pursuant to the rule, the Court will provide Plaintiff an opportunity to be heard before deciding whether an award of costs is mandated.

## II. CONCLUSION AND ORDER

For the reasons set forth above, the Court ORDERS:

1. Defendant's motion to compel Plaintiff's responses to Defendant's First Set of Requests for Production, (Doc. 43), is GRANTED.
2. **Within 30 days** of the date of service of this order, Plaintiff shall serve responses to Defendant's First Set of Requests for Production, as instructed herein. Plaintiff shall serve the responses directly on Defendant; he should not file them with the Court.

///

///

///

3

3. **Within 30 days** of the date of service of this order, Plaintiff shall show cause in writing why an award of expenses should not be imposed. Plaintiff shall file his response to this order to show cause with the Court.

IT IS SO ORDERED.

Dated: __**July 1, 2021**__          _ **/s/ Jennifer L. Thurston**
                                                      CHIEF UNITED STATES MAGISTRATE JUDGE