UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FALLS,<br><br>  Plaintiff,<br><br>  v.<br><br>A. ARREDONDO,<br><br>  Defendants. | Case No.: 1:19-cv-00441-NONE-JLT (PC)<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR REASONABLE EXPENSES AND STAYING ORDER** |

On July 1, 2021, the Court granted Defendant's motion to compel (Doc. 43) and ordered Plaintiff to show cause within 30 days, why an award of expenses should not be imposed. (Doc. 48.) Although more than the allowed time has passed, Plaintiff has failed to file a response to the order to show cause. Accordingly, and for the reasons set forth below, the Court grants Defendant's request for an award of expenses.

**I.  LEGAL STANDARDS**

Federal Rule of Civil Procedure 37 provides that, if a court denies a motion to compel, it "*must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). "But the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified[,] or . . . other circumstances make an award of expenses unjust" *Id.*

A party's *pro se* or *in forma pauperis* status does not shield him from an award of expenses. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). However, a court may not enforce a sanction that a party is unable to perform. *See Thomas v. Gerber Prods.*, 703 F.2d 353, 357 (9th Cir. 1983).

## II. DISCUSSION

Defendant requests expenses he incurred in preparing his motion to compel. (Doc. 43-1 at 4-6.) Defendant's counsel states that his hourly rate is $220, and that he expended four hours preparing the motion to compel. (Whisnand Decl. ¶ 8, Doc. 43-2 at 2-3.) Defendant thus requests an award of $880 in expenses. (Doc. 43-1 at 6.)

In its order granting Defendant's motion to compel, the Court found that Plaintiff neglected to respond to Defendant's first set of production requests, which included only two requests. (Doc. 48 at 2.) Plaintiff did not respond to Defendant's motion to compel or the Court's July 1, 2021 order to show cause, and he has not shown that his failure to respond to Defendant's discovery requests was substantially justified. Thus, the Court finds no reason why an award of expenses would be unjust. Given that Plaintiff received an opportunity to be heard (though he neglected to take advantage of it), an award of expenses is mandatory. Fed. R. Civ. P. 37(a)(5)(A).

The Court finds that Defendant's request for $880 in attorney's fees is reasonable; thus, the Court will order Plaintiff to pay Defendant $880 in expenses. However, given Plaintiff's *in forma pauperis* status, the Court will stay this order until a showing is made that Plaintiff is able to pay these costs. *See Thomas*, 703 F.2d at 357.

## III. CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS**:

1. Defendant's request for expenses in the amount of $880 is GRANTED;
2. The order assessing expenses in the amount of $880 is STAYED; and,

///

///

///

3. Prior to the closure of this action, Defendant may move the Court to lift this stay and enforce the sanction upon a showing that Plaintiff has the ability to pay.

IT IS SO ORDERED.

Dated: __**October 4, 2021**__                    _ **/s/ Jennifer L. Thurston**
                                                              CHIEF UNITED STATES MAGISTRATE JUDGE